### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Derek E. Ladley<br>Kimberly A. Ladley<br><br>         Debtor(s) | | CHAPTER 13 |
| Ditech Financial LLC<br>         Movant<br>vs. | | NO. 14-19842 AMC |
| Derek E. Ladley<br>Kimberly A. Ladley<br>         Debtor(s) | | 11 U.S.C. Section 362 |
| William C. Miller<br>         Trustee | | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage referenced in the Motion is **$18,754.89**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | March 1, 2016 through January 1, 2017 at $1,292.86/month |
| | February 1, 2017 through May 1, 2017 at $1,300.24/month |
| Less Suspense Balance: | $667.53 |
| **Total Post-Petition Arrears** | **$18,754.89** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of the Court Order granting and/or approving of this Stipulation, Debtor(s) shall file an Amended Chapter 13 Plan to add the post-petition arrears of **$18,754.89** into the amount of the claim and/or the arrears to be paid through the Plan.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $18,754.89 along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due June 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,299.13 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3) (which the parties hereby agree to waive with respect to any such Order).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 12, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant/Applicant

Date: 6/1/17

Brad J. Sadek Esq.
Attorney for Debtor(s)

Date: 6-2-17

William C. Miller    JACK MILLER
Chapter 13 Trustee

Approved by the Court this  7th  day of  June , 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan